## No. 10,763.

### ALLEN, ET AL. *v.* CITY OF STERLING, ET AL.

Decided July 7, 1924.    Rehearing Denied November 10, 1924.

Action to cancel indemnity mortgage.    Judgment for defendant.

### *Reversed.*

1.  VENUE—*Real Estate Action.*   In an action to cancel a real estate mortgage indemnifying a surety against loss on a contractor's bond, under Code section 25, the action was triable in the county where the property was situated, although the responsibility of the contractor was a question to be determined in another county.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. ERNEST MORRIS, for plaintiffs in error.

Mr. T. E. MUNSON, Messrs. COEN & SAUTER, Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error were contractors with the defendant in error, the city of Sterling, for work on the construction of a system of waterworks. The defendant in error, The Fidelity and Deposit Company, was surety on a bond given by the contractors to the city of Sterling to secure the proper performance of the contract. Plaintiff in error Allen had given to the Deposit Company a mortgage upon property in the city of Denver to indemnify the Deposit Company against loss under said bond. The plaintiffs in error were plaintiffs below, and will be so designated herein.

The complaint alleged that the city of Sterling was making a claim against the plaintiffs for a large sum of money alleged to be due it under the contract. It further alleged that the bonding company was about to effect a compromise with the city of Sterling, admitting a liability on the bond because of the city's claims against the plaintiffs, and, that if such liability were admitted, the bonding company expected to reimburse itself by a foreclosure of said mortgage. The plaintiffs had a temporary injunction against the compromise. The complaint prayed, among other things, that the indemnity mortgage be canceled, it being alleged that the plaintiffs were not indebted to the city of Sterling in any sum whatever.

A motion for change of venue having been filed, with affidavits in support thereof, the trial court reserved ruling on the motion, and required the city of Sterling to answer, but without waiving its right to claim a change of venue to Logan county. Thereafter an answer and cross-complaint were filed by the city, and some six weeks later, an order was entered changing the venue to Logan county, and permitting the city of Sterling to withdraw its answer and cross-complaint. The plaintiffs declined to answer in Logan county, and bring the cause here on the question of the change of venue. The bonding company joined with plaintiffs in opposing the change of venue, but appeared in the suit in Logan county, and by answer prayed that the in-

demnity mortgage be declared valid. Judgment was entered against the Fidelity and Deposit Company for $28,811, and the mortgage was held valid.

The sole question necessary to be determined is that of jurisdiction arising out of the order for change of venue. Section 25 of the Code of Civil Procedure requires that actions for the determination of any "right or interest" in real estate shall be tried in the county in which the real estate is situated. This action involved, and the judgment determined, the question of lien of a mortgage on real estate in the City and County of Denver. The judgment specifically declares that the mortgage constitutes a first lien on the property mortgaged. That an interest in the property was involved cannot be questioned. That being so, the cause comes squarely within the statute, and it is triable in the City and County of Denver.

We cannot agree with the trial court that the fact that the ultimate responsibility of the contractors was a question to be determined in Logan county, justified the change.

The judgment is reversed.

MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.