[Civ. No. 4959. First Appellate District, Division Two.—November 20, 1924.]

NELSON H. TUNNICLIFF, Respondent, v. GOLDIE MAY HOLMES, Appellant.

[1] PLACE OF TRIAL—DEMAND FOR CHANGE—ERRONEOUS REFUSAL OF.— The denial of a motion for change of place of trial to the county of defendant's residence cannot be justified upon the ground that in defendant's demand she asked that the place of trial be changed to the "property" county, instead of the "proper" county, where on the hearing of the motion counsel for defendant called attention to the word "property" as being a typographical error, and the notice of motion stated the ground of the motion to be that the defendant was a resident of the county to which she sought to have the place of trial changed.

---

(1) 40 Cyc., p. 153.

1. See 27 R. C. L. 819.

APPE'AL from an order of the Superior Court of the City and County of San Francisco denying motion for change of place of trial. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

Leonard, Surr & Hellyer for Appellant.

Gerald C. Halsey and Frederic T. Leo for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from an order of the superior court in and for the city and county of San Francisco denying defendant's motion for a change of venue.

The action was commenced in the city and county of San Francisco. Defendant filed a demurrer, notice of motion to change the place of trial, written demand for change of place of trial, and affidavit supporting the same. The notice of the said motion stated that said motion "will be made upon the affidavit of Goldie May Holmes, the written demand of Goldie May Holmes for change of venue (copy of which is annexed hereto, and is herewith served upon you), and upon the papers on file in said action; said motion will be made upon the following grounds, to-wit: That at the time of the commencement of said action, the defendant was not a resident of San Francisco County, California, but that she was a resident of San Bernardino County, California, and that the county of San Bernardino, California, is the proper county for a trial of said action."

The affidavit of defendant was to the effect that she had been a resident of San Bernardino County, California, for more than a year last past, and that at the time of the commencement of said action and ever since that time, and at the time of making said affidavit, she was a resident of San Bernardino County; that she had stated the facts in the case to her attorneys, fairly and fully, and was advised by them that she had a good, valid, substantial, and complete defense to the action upon the merits. The demand for change of venue, over which the dispute between the parties arises, is as follows: "The above named defendant, Goldie

May Holmes, hereby demands that the place of trial of the above entitled action be changed to the proper*ty* county, to wit: The county of San Bernardino, State of California, and that said action be transferred from the superior court of the city and county of San Francisco, California, to the superior court of San Bernardino county, California.'' This was signed by the defendant and after her signature appears the following: ''The undersigned, on behalf of the defendant, Goldie May Holmes, hereby join in the foregoing demand. Leonard, Surr & Hellyer, Attorneys for Defendant Goldie May Holmes.''

The court denied the motion for change of venue. No reason is given in the order for so doing, and as no counter-affidavit was filed and the affidavit of defendant stood uncontradicted in the record, and the facts recited therein required the action to be transferred to the place of her residence, we are unable to find any support for the order from which the appeal is taken.

[1] The respondent attempts to justify the order by pointing out that in the demand for change of venue the word ''property'' is used instead of ''proper'' county; that the demand, therefore, is for a change to the ''property county.'' Despite the fact that the record shows that upon the hearing of said motion for change of venue, the defendant stated in open court that the use of the word ''property'' instead of the word ''proper'' in defendant's demand for change of venue was a typographical error, respondent asks us to take the words ''property county'' literally because of the fact that the record discloses that the plaintiff attached certain property of the defendant situated in San Bernardino County. Respondent contends, therefore, that the demand of defendant was a demand for a trial in the place where the property attached by plaintiff was situated. So ingenious a position is completely shattered by the fact that the defendant called attention to the word ''property'' as a typographical error of the time of the hearing of the motion, and by the fact that the notice of the motion stated the ground of the motion to be that the defendant was a resident of San Bernardino County.

The order appealed from is reversed.

Nourse, J., and Sturtevant, J., concurred.