(No. 7161.   February 13, 1945.)

RAY W. BANBURY, Special Administrator of the Estate of Louise W. Hazzard, Respondent, v. F. M. BRAILS-FORD, otherwise known as Frederick M. Brailsford, a bachelor, Appellant.

[158 P. (2d) 826.]
On Rehearing May 3, 1945.

Parry & Thoman and James & James for appellant.

264

James R. Bothwell and W. B. Bowler for respondent.

MILLER, J.—This action was instituted by respondent, Ray W. Banbury, plaintiff below, as special administrator of the estate of Louise W. Hazzard, deceased, by filing a complaint on the 9th day of November, 1940, in the district court of the eleventh judicial district of Idaho, in and for Twin Falls County, and in which said complaint it was sought to have two deeds cancelled, set aside and held for naught, and that it be adjudged that appellant, F. M. Brailsford, defendant below, and sometimes known as Frederick M. Brailsford, has no estate or interest in the lands and premises described therein and that the title thereto be quieted in Banbury, as special administrator for and on behalf of the estate of Louise W. Hazzard, deceased. One of said deeds is dated November 26, 1938, made, executed and delivered by the said Louise W. Hazzard, a widow, as grantor, to appellant, Frederick M. Brailsford, a bachelor, as grantee, and conveys real estate situate, lying and being in the county of Gooding, Idaho, generally mentioned as "ranch property", and which said deed was recorded November 30, 1938, in Book 30 at page 190 of the deed records of Gooding County. The other deed is dated February 28, 1939, and was made, executed and delivered by the said Louise W. Hazzard, a widow, as grantor, to the said Frederick M. Brailsford, a bachelor, as grantee, and conveyed certain real property in the city of Buhl, Twin Falls County, Idaho, and which deed was recorded on February 28, 1939, in Book 118 at page 277, of the deed records of Twin Falls County, Idaho. For the purpose of aiding in a determination of the controversy herein involved it may be well to here state that on March 29, 1939, the said Frederick M. Brailsford, appellant herein, reconveyed, as grantor, to Louise W. Hazzard, as grantee, the land and premises in the city of Buhl, Twin Falls County, Idaho. Said deed was recorded on the said 29th day of March, 1939, in Book 118 at page 348 of the deed records of Twin Falls County, and which fact is alleged in respondent's complaint.

On December 4, 1940, appellant, Brailsford, entered his appearance by demurring to the sufficiency of the complaint, which demurrer was subsequently withdrawn. At the same time he filed a verified disclaimer wherein he disclaimed any and all right, title or interest to the premises situate in the city of Buhl, Twin Falls County, Idaho, and that he had on the 29th day of March, 1939, re-con-

veyed the same to Mrs. Hazzard. Likewise, at the same time he filed a motion for change of place of trial, supported by affidavit and wherein it is set out that the appellant at the time of the commencement of the action and the service of process and at all times since was a resident of Gooding County, Idaho, and that the ranch property described on pages two, three and four of the complaint, and in which respondent as Special Administrator, sought to recover an interest, is situate in Gooding County, Idaho. In connection with the motion for change of place of trial, appellant also filed a demand in which he urged that the place of trial be changed from Twin Falls County to Gooding County for the reason that appellant was a resident of Gooding County and that the real estate sought to be recovered is situate in Gooding County, Idaho. On January 8, 1941, after hearing argument on the motion and demand for change of place of trial, the trial judge made and entered his order that the motion "shall be and is hereby denied and overruled". January 8, 1941, appellant filed a motion for an order "requiring the plaintiff to separately state the two alleged causes of action set forth in his complaint, namely, the alleged cause of action affecting the property situate in Gooding County, Idaho," and the cause of action affecting the property situate in Buhl, Twin Falls County, Idaho, on the grounds and for the reason that said alleged causes of action are comingled in one count. On March 19, 1941, an order was made denying and overruling said motion. August 1, 1941, appellant's answer was filed and in which it was admitted that on March 29, 1939, he reconveyed to Louise W. Hazzard the town property situate in Buhl, Twin Falls County, Idaho, and denied that he claimed any interest or estate therein, and expressly disclaimed any interest in said property. September 18, 1942, "proposed" findings of fact, conclusions of law and decree were filed but were not signed by the trial judge. Numerous objections to the proposed findings, conclusions and decree were filed by the appellant, served and argued. On October 29, 1942, an order was made that the proposed findings of fact were approved as written; that paragraphs 1, 2, 3 and 7 of the proposed conclusions of law were adopted; and that in lieu of paragraphs 4, 5 and 6 of the proposed conclusions, the following would be substituted. Paragraph 4, as substituted, provides: "That it is necessary to take

additional testimony to determine what sum, if any, may be due the plaintiff or defendant; and the Court will set down for hearing the matter of such accounting upon motion of either party." Paragraph 5, as substituted, provides: "That a decree should be entered herein cancelling the deed to the real property in Twin Falls County and quieting title thereto in the plaintiff; and decreeing that the plaintiff is entitled to have the deed to the property in Gooding County cancelled and title thereto quieted in plaintiff, upon the determination of said accounting, and the payment by plaintiff of the amount, if any, found due to defendant, within a time to be fixed by the Court." Paragraph 6, as substituted, provides: "That the Court shall retain jurisdiction of this case for the purpose of taking additional testimony on such accounting and determining the amount, if any, due plaintiff or defendant, and for the purpose of thereafter entering the final decree herein appropriate in the premises." It is then provided that "the proposed decree, not being in accordance with the above conclusions of law, will not be approved. The Court will ask counsel for plaintiff to kindly prepare findings of fact and conclusions of law in accordance herewith, and a new decree in accordance with the new conclusions of law. Copies of same will be served upon the counsel for defendant and the originals submitted to the Court for signature."

November 6, 1942, the trial judge made findings of fact, conclusions of law and decree in accordance with the order of October 29, 1942, and the substituted paragraphs 4, 5 and 6 hereinbefore set out were incorporated in the conclusions of law as adopted. It was decreed that the deed dated February 28, 1939, from Louise W. Hazzard, a widow, to Frederick M. Brailsford, a bachelor. for the property at Buhl, Twin Falls County, Idaho. should be cancelled and annulled and rendered wholly void, and held for naught; that as to the deed to the ranch property dated November 26, 1938, from Louise W. Hazzard. a widow, to Frederick M. Brailsford, a bachelor, in Gooding County. Idaho, it would be necessary to take additional proof to determine what, if any, amounts may be due plaintiff or defendant on an accounting. and that upon a determination of the accounting plaintiff shall thereupon be entitled to a decree cancelling said deed and quieting title in the plaintiff to the property therein described, and

that the Court would retain jurisdiction over said property until such time as additional proof was submitted touching the question of the accounting.

November 10, 1942, after order obtained, a supplemental complaint was filed and served. Motions to strike the supplemental complaint and portions thereof were submitted. February 19, 1943, an order was made that the motion to strike the supplemental complaint is sustained as to paragraphs 4 and 5 thereof, and appellant was given fifteen days in which to answer. March 8, 1943, answer to the supplemental complaint was filed and served. September 2, 1943, after hearing on the supplemental complaint and answer thereto, further findings of fact, conclusions of law and decree were made and entered. The decree adjudged that the appellant was indebted to the respondent on account of rentals in a specified amount with interest, and that the deed dated November 26, 1938, from Louise W. Hazzard, a widow, grantor, to Frederick M. Brailsford, a bachelor, grantee, to the real property situate in Gooding County, Idaho, is cancelled and annulled and rendered wholly void, of no force and effect, and held for naught.

The findings, conclusions and decree of September 2, 1943, make no mention of the Buhl property, proceedings in respect thereto having been terminated prior to the filing of the supplemental complaint.

October 29, 1943, notice of appeal was filed and served, from which it appears that the appeal is from that certain judgment (Decree) "rendered on the 2nd day of September, 1943, and from the whole of said judgment".

Of the "Enumeration of Errors", we will first consider assignment numbered "II" and particularly sub-paragraphs "(B)" and "(C)", which are as follows:

"(B) Erroneously abridged the right of appellant (a resident of Gooding County) to have the action involving the Gooding County land tried in that county, and

"(C) Erred in denying and overruling appellant's motion for change of place of trial."

The case of *Sloss v. DeToro, et al* (Cal.), 19 P. 233, was an appeal from an order denying defendants' motion for

change of place of trial to the county of their residence from the county where the real property was situated, and in which the Court held: "Whether the Court erred in denying the defendants' motion or not, must be determined by consideration of the provisions of the Code in reference to the 'place of trial of civil actions'. Section 392 of the Code of Civil Procedure, provides as follows: 'Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this Code: (1) For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property. * * *' * * * The question then is, did this action require the determination, in any form, of a right or interest in real property? It seems to us that it did. The main purpose of the action evidently was to have an alleged fraudulent sale of land set aside and the title revested in its former owners. This purpose could only be accomplished by showing—First, that the plaintiff had an estate or interest in the land; and, second, that the defendants had wrongfully tried to deprive him of that interest."

In *Atler v. Stolz, et al* (N.M.), 37 P. (2d) 243, it is held:

"Appellant relies principally upon *Albuquerque & Cerrillos Coal Co. v. Lermuseaux*, 25 N.M. 686, 187 P. 560; *Romero v. Hopewell*, 28 N.M. 259, 210 P. 231. There the venue was not deemed a jurisdictional matter, and the parties defendant were held to have waived the objection. In both of those cases, however, the actions were transitory.

"While the language and some of the reasoning of the decisions relied on is broad enough to include this case, we think that the sound rule is correctly stated in 27 R.C.L. 783. After stating that in transitory actions an improperly selected venue may be waived, and that 'in many jurisdictions' the same is held 'with regard to actions essentially local in character', the text continues: 'According to other authorities, however, a court cannot by waiver be given jurisdiction of a local action which properly should have been brought elsewhere. *This is certainly true if in making a decree the court would act directly upon realty situated outside of its territorial jurisdiction.*'

"The statute is mandatory in its terms, and there are good reasons for holding it mandatory which have no force in the case of transitory actions. (*Cf. Martin v. Battey,* 87 Kan. 582, 125 P. 88, Ann. Cas. 1914A, 440.)

"We conclude that the judgment should be affirmed, without prejudice to the institution of a new suit in the proper county."

*Spaulding v. Porter* (Colo.), 31 P. (2d) 711, holds:

"[1, 2]   1.   It is said there was error in denying the defendants' motion for a change of venue from Morgan county to the city and county of Denver.   The ground alleged in the motion was that the defendants had been served—not in Morgan county, where the case was instituted—but in Denver.   Possibly that ground was good in so far as it related to the first cause of action.   Be that as it may, however, this cause of action was eliminated from the case when the demurrer interposed to it was sustained. Any errors committed during the trial in regard to the first cause of action were thereby rendered immaterial, irrelevant, and presumably harmless.   The second cause of action, on the other hand, was, according to the plaintiffs' contention, for the determination of an interest in real property.   If the contention is correct, as we think it is, the case was properly triable in Morgan county, where the land is admittedly situated.   Code 1921, Sec. 25 (Courtright's M.A.C. 1933, Sec. 25); *Allen v. Sterling,* 76 Colo. 122, 230 P. 113; *Campbell v. Equitable Securities Company,* 12 Colo. App. 544, 56 P. 88.   There was no prejudicial error in this particular."

In the case of *Ryckman v. Johnson* (Wash.), 67 P. (2d) 927, is the following:

"[1-4]   Rem. Rev. Stat. Sec. 204, provides that actions for the following causes, among others, shall be commenced in the county in which the *subject of the action,* or some part thereof, is situated.

" '1.   For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, *or for the determination of all questions affecting the title* or for any injuries to real property'.   (Italics ours).

"The term 'subject of the action,' as used in this section

of the statute, means that which will be directly affected if the relief sought by the plaintiff be granted. In this case, the *object* of the action is to have the transactions above described declared fraudulent and to have the title to the land adjudged to be in John P. Johnson and wife, or held for their benefit, so as to subject it to the lien of respondent's judgment. But the thing affected by the decree, or the subject of the action, is the land itself, according to whether John P. Johnson and wife are, or are not, held to be the owners thereof."

Section 5-401, I.C.A., among other things, is as follows:

"Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest and for injuries to real property."

This action having been instituted for the "recovery of real property", we will first consider whether or not the foregoing statute is jurisdictional and, accordingly, mandatory. If mandatory and the appellant having urged his rights to a change of place of trial because the real property involved was situate in Gooding County, did the trial court commit error in assuming jurisdiction and trying the case in Twin Falls County?

In the case of *Brown, et al v. Tamarack & Custer Consolidated Mining Company, a corporation*, 37 Ida. 650, 218 P. 363, which is an appeal from an order of the district court of Kootenai County, refusing to change the place of trial and evidently urged upon the ground that appellant's residence and principle place of business was Shoshone County, this Court held: "No discussion of the demand that the trial be had in Shoshone County, or the formal motion for a change of venue because the county designated in the complaint was not the proper county, is necessary. The action being brought for injury to real property situated in Kootenai County, C.S., sec. 661, leaves no room to doubt that the proper place of trial, unless the Court for good cause should change it, is in that county."

*Taylor v. Sommers Bros. Match Co.,* 35 Ida. 30, 204 P. 472, was an action commenced in Bonner County to recover damages in trespass for alleged negligence in failing to prevent fire from being communicated to premises of respondents, and wherein this court held: "If the cause of action is local, and by the great majority of English and American decisions an action ex delicto, based upon a tort against real property, is local, it cannot be maintained in any state or county other than that in which the land is located."

*Vaughn, et al, v. Roberts, et al,* (Cal.), 113 P. (2d) 884, is an action to cancel note and deed of trust, to quiet title to real property and to recover damages. It is contended by appellants that the action should have been instituted in San Bernardino County, where the land was located, rather than in Los Angeles County where appellants reside. The trial court concluded it was a transitory action and properly maintainable in the county where appellants reside. In passing on the question involved, the Court held:

"It has been held that courts in counties in which the real property is situated, have exclusive jurisdiction of actions instituted for the sole purpose of recovering possession, quieting title or enforcing liens thereon, and that such suits which have been commenced in the wrong county may not be transferred to another county, but must be dismissed. Such actions are not transitory. (*Urton v. Woolsey,* 87 Cal. 38, 25 P. 154; *State v. Royal Consolidated Mining Com.,* 187 Cal. 343, 202 P. 133; *Fritts v. Camp,* 94 Cal. 393, 29 P. 867; *Rogers v. Cady,* 104 Cal. 288, 38 P. 81, 43 Am. St. Rep. 100; 27 R.C.L. 792, sec. 14; 27 Cal. Law Rev. 469.)

"An objection to the jurisdiction of the court may be raised for the first time on appeal. The jurisdiction of a court cannot be conferred contrary to the statute even by stipulation of the parties. (Sec. 434, Code Civ. Proc.; *Emery v. Pacific Employers Ins. Co.,* 8 Cal. (2d) 663, 67 P. (2d) 1046.) In the present case the appellants moved the trial court to dismiss the action on the ground of lack of jurisdiction."

The case of *McNee v. Hart* (Okla.), 246 P. 373, is an action in which there were motions to require plaintiff

to separately state causes of action affecting real property, and in which the Court held:

"This court in the case of *Keenan v. Chastain, et al*, 64 Okla. 16, 157 P. 326, said:

" 'The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction.' "

In *Sinclair Prairie Oil Company v. District Court of Oklahoma County* (Okla.), 70 P. (2d) 94, is the following:

"Syllabus by the Court.

"Where G institutes an action in the district court of Oklahoma county against S and W, alleging that G is the owner of all the surface rights and an undivided one-half interest in the oil, gas, and mineral rights and that W is the owner of the remaining undivided one-half interest in and to the oil, gas, and mineral rights, and alleging that said land is located in Tulsa county, and alleging that S and W are producing oil, gas, and casing-head gas from said land 'without any right, in fact, so to do,' and are retaining fifteen-sixteenths thereof, and asking that S and W be enjoined from producing oil, gas, and casing-head gas from said lands *held*: That the determination of the rights and interests of the respective parties in and to said real estate is necessary to a decision in the cause of action, as is contemplated by the first subdivision of section 109, O. S. 1931 (12 Okla. St. Ann. Sec. 131, subd. 1), and by virtue thereof the venue of the action is Tulsa County, where said lands are located, and the district court of Oklahoma county should be prohibited from entertaining or determining the cause of action."

In the case of *Smith v. People* (Colo.), 29 P. 926, under an identical statute to ours, the Court, in an action brought in a county other than where the real property was located, held:

"By Section 25 of the Civil Code it is declared that such actions shall be tried in the county in which the subject

of the action, or some part thereof, is situated. It was apparent upon the face of the complaint that it pertained to real property in Rio Grande County; hence that the district court of Arapahoe County could not retain jurisdiction for adjudication after the motion to change was made. We are satisfied that this is the correct construction of the statute, and this conviction is strengthened by the construction of the same and similar statutes in other states. (See *Veeder v. Baker*, 83 N.Y. 156; *Bonnell v. Esterly*, 30 Wis. 549; *Woodward v. Hanchett*, 52 Wis. 482, 9 N.W. Rep. 468; *Meiners v. Loeb*, 64 Wis. 343, 25 N.W. Rep. 216; *Watts v. White*, 13 Cal. 321; *Cook v. Pendergast*, 61 Cal. 72; *Heald v. Hendy*, 65 Cal. 321, 4 P. Rep. 27."

The case of *Stanley v. Barney, et al*, (Cal.), 10 P. (2d) 1022, is an action to set aside a deed allegedly induced by fraudulent acts. The land or some part thereof being situate in San Francisco County, this was an appeal from an order denying a change of place of venue to San Mateo, the resident county of the defendants. After quoting Section 392 of the Code of Civil Procedure, identical with Section 5-401, supra, the Court concluded:

"Our conclusion is that the action comes within the provisions of the code section in question, and that the proper place of trial is the county and city of San Francisco."

In the case of *Wood, et al, v. Emig, Sheriff, et al*, (Cal.), 137 P. (2d) 875, it was held:

"The determination of the rights of homesteaders should be heard in the county where the homestead is situated. *In the Matter of the Estate of James*, 23 Cal. 415; *Votypka v. Valentine*, 41 Cal. App. 74, 182 P. 76; *Rogers v. Cady*, 104 Cal. 288, 38 P. 81, 43 Am. St. Rep. 100. 'When it appears that the court has no jurisdiction, it has no power to proceed in any manner, but should dismiss the action.' *Estate of Palmieri*, 120 Cal. App. 698, 700, 8 P. (2d) 152, 153. The question of jurisdiction may be raised at any period before final disposition of the litigation. The order of the superior court of Siskiyou County was without legal effect. *People v. Davis*, 143 Cal. 673, 77 P. 651; *Peters v. Anderson*, 113 Cal. App. 158, 298 P. 76. It may be assumed that such court had jurisdiction to render the money judgment and, by following the usual procedure, make it effective in another county, but it did

not have jurisdiction to determine homestead rights to real estate located in another county. *Votypka v. Valentine,* supra. "* * * when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction.' *Rodman v. Superior Court,* 13 Cal. (2d) 262, 269, 89 P. (2d) 109, 112. In *Abelleira v. District Court of Appeal,* 17 Cal. (2d) 280, 291, 109 P. (2d) 942, 948, 132 A.L.R. 715, the court said: 'Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of stare decisis, are in excess of jurisdiction.' "

In the case of *Baker, et al, v. Firemen's Fund Insurance Company* (Cal.), 14 P. 686, and in which the defendant demanded a change of place of trial to the city and county of San Francisco and which demand was denied, the Court held:

"By Section 392, Code Civil Proc., actions for the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest, must be tried in the county in which the subject of the action or some part thereof is situated. The land is the subject-matter concerning which the contest is waged, and it is situate in San Joaquin County. The right or interest of the plaintiff in this *subject-matter,* if any, is the question to be ultimately determined in this action. Such being the case, the action was properly brought in the county of San Joaquin, where the land is situated."

The case of *Cohen v. Hellman Commercial Trust & Savings Bank* (Cal.), 24 P. (2d) 960, was an action seeking the termination of a trust, the reconveyance of certain property which was the subject of the trust and for an accounting. It was held that it was an action in personam, of transitory nature, and in passing upon the question involved, the Court held:

"Under subdivision 1 of section 392 of the Code of Civil Procedure, actions for the recovery of real property or of an estate or an interest therein, or for a determination in any form of such right or interest, or for injuries to real property, must be tried in the county in which the subject

of the action or some part thereof is situated, subject to the power of the court to change the place of trial as provided by the Code; and the following cases cited by counsel were actions within the above Code provision: *Baker v. Firemen's Fund Ins. Co.*, 73 Cal. 182, 14 P. 686; *Sloss v. De Toro*, 77 Cal. 129, 19 P. 233; *Smith v. Smith*, 88 Cal. 572, 26 P. 356; *Booker v. Aitken*, 140 Cal. 471, 74 P. 11; *Miller & Lux v. Kern County Land Co.*, 140 Cal. 132, 73 P. 836; *McFarland v. Martin*, 144 Cal. 771, 78 P. 239; *Franklin v. Dutton*, 79 Cal. 605, 21 P. 964; *Donohoe v. Rogers*, supra; *Smalley v. Peckham*, 175 Cal. 146, 165 P. 438; *Grocers' Fruit, etc., Co. v. Kern County Land Co.*, supra; *Hannah v. Canty*, 1 Cal. App. 225, 81 P. 1035; *Bartley v. Fraser*, 16 Cal. App. 560, 117 P. 683; *Reid v. Kerr*, 64 Cal. App. 118, 220 P. 688; *Kopke v. Carlson*, 98 Cal. App. 155, 276 P. 606; *Stanley v. Barney*, 123 Cal. App. 139, 10 P. (2d) 1022. In a few instances the opinions in these cases contain the statement that the action was commenced as required by the constitutional provision, but an examination shows that this was not necessary to the decision, the Code section alone being applicable. The subdivision of the Code section does not affect the jurisdiction of the court; and if the county in which the action is commenced is not under its provisions the proper place for the trial, the only remedy is a demand for a change of venue; otherwise the objection is waived. *Herd v. Tuohy*, 133 Cal. 55, 65 P. 139; *Miller & Lux v. Kern County Land Co.*, supra; *Grocers', etc., Union v. Kern County Land Co.*, 150 Cal. 466, 89 P. 120; *Miller & Lux v. Madera Canal, etc., Co.*, 155 Cal. 59, 73, 99 P. 502, 22 L.R.A. (N.S.) 391. Here no objection to the venue was made; and plaintiff's action, if within the provisions of the said subdivision of the Code section, was nevertheless within the jurisdiction of the trial court, and we are satisfied from the above decisions that there was no constitutional objection to the commencement or trial of his action in Los Angeles county."

*Neet, et al, v. Holmes, et al*, (Cal.), 122 P. (2d) 557: This was an action against the defendants for an accounting, for a termination of trust of certain mining property and for other relief. Certain of the defendants moved for change of venue from Los Angeles County, where the action was instituted, to Imperial County, because of the local character of the action. In passing upon the question of the denial of the motions, the Court held:

"The question of the transitory or local character of the causes of action must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations. (*Sheeley v. Jones,* 192 Cal. 256, 119 P. 744; *Eckstrand v. Wilshusen,* 217 Cal. 380, 18 P. (2d) 931. * * *)

"Therefore, even if we ignore the inclusion of the common count, it cannot be said that all of the causes of action are local in character so as to require the application of section 392 of the Code of Civil Procedure in accord with the first contention of the defendants. In other words, if the action had been brought in Imperial County, the defendants would have been entitled to have it removed to Los Angeles County. (Citing cases) * * *

"In the present case it is obvious that the action turns principally on the personal obligation, as distinct from the title, and that judgment for any mining properties not now owned by the plaintiffs would follow if at all, merely as an incident of the judgment establishing the personal obligation."

The case of *Turlock Theatre Co. v. Laws, et al,* (Cal.), 86 P. (2d) 345, is an action for unpaid rentals, cancellation of lease, damages for wrongful withholding, to have title quieted, and restoration of possession. Defendants moved for change of place of trial, and appealed from the order denying the motion. The order denying change of place of trial was reversed. In passing upon the question, the court held:

"As a second cause of action the plaintiff alleged a wrongful withholding of possession, and in this respect it asked for $10,000 damages and restoration of possession. A third cause of action contained the usual allegations when it is sought to quiet the title against adverse claims, with a prayer for the appropriate relief thereunder.

"Section 392 of the Code of Civil Procedure provides that actions for the recovery of real property, or for the determination of any right or interest therein, and for injuries to real property, must be tried in the county where the real property or some part thereof is situated."

The case of *State v. Royal Consolidated Mining Com-*

*pany,* (Cal.), 202 P. 133, was an action to recover real property, together with rents, issues and profits; objection was made as to the jurisdiction. Syllabus 4 and 5 are as follows:

"4. Venue . . 5(3)—Where real question is title location of land determines venue, though action is for rents as well as land.

"Where the real question is title location of land determines venue of action, though it is not only for land, but for the rents and profits thereof.

"5. Venue . . 16½—Location of land governs where action is for possession thereof, though essentially one involving legality of tax.

"Though action be essentially one involving legality of a tax, yet it being also one for possession of land, jurisdiction is in the superior court of the county where the land is located."

The case of *State v. Superior Court of Cowlitz County,* (Wash.), 94 P. (2d) 505, was a prohibition proceeding by the State against the Superior Court of Cowlitz County from proceeding further with an action by Mary Downing against the State to obtain a decree cancelling a deed given by her for a right of way for highway purposes on the grounds that the conveyance was induced by fraudulent representations of an official of the state highway department. In passing on the application the court quoted the statute requiring that action quieting title to real property should be commenced in the county where the property is situated, and held:

"The reason for the rule is stated as follows in *Ryckman v. Johnson,* 190 Wash. 294, 67 P. (2d) 927, 930:

" 'Appellants cite and rely upon certain of our decisions which hold that actions wherein it is sought to establish and enforce a trust, or where the court in the exercise of its equity powers acts to compel parties before it to do a particular thing, or where, in the defendant's answer, title to real property is brought into issue only incidentally, are transitory, inasmuch as the decree acts only in personam. The principles enunciated in those cases are well

settled, in this state at least, but they do not meet this case, because, as already stated, the subject of the action involves, and the object of the action is directed toward, the land and the title thereto.

" ' "It is the policy of our law that all transactions affecting the title to real estate shall be matters of record in the county where such real estate is situated, so that any one concerned therewith may be informed as to the condition of its title by an examination of the public records of such county." (*Seymour v. LaFurgey*, 47 Wash. 450, 92 P. 267.)' "

The complaint alleges that "Plaintiff is informed and believes and therefore alleges that on or about March 29, 1939, defendant * * * made, executed and delivered to the said Louise W. Hazzard, a deed purporting to convey the following described real property situate in Twin Falls County, State of Idaho, to-wit:

Lots Fifteen and Sixteen (15 and 16) in Block Sixty-Seven (67) in the townsite of Buhl, Idaho, according to the official plat thereof on file and of record in the office of the County Recorder in and for Twin Falls County, Idaho,

which deed was dated, acknowledged and filed for record in the office of the county recorder of Twin Falls County on the 29th day of March, 1939, and was thereafter recorded in Book 118 of deed at page 348, records of Twin Falls County, Idaho. * * *"

We find no allegation questioning the legality or sufficiency of said deed. The complaint likewise alleges that the defendant claims an estate or interest in and to the property in the city of Buhl, Twin Falls County, Idaho. Also, "That the claim of defendant is without any right whatever, and that the said defendant has not any estate, right, title or interest in said land or premises, or any part thereof." The prayer of the complaint prays judgment "That the defendant may be required to set forth the nature of his claim; and that all adverse claims of the defendant may be determined by a decree of this court."

If the trial judge had any doubts as to the form or sufficiency of the aforementioned deed reconveying the Buhl

property to Mrs. Hazzard it would have been a comparatively easy matter to have satisfied himself in that respect, as it was on record in the office of the clerk of his court as ex officio recorder.

We have heretofore mentioned that the appellant on entering his appearance, December 4, 1940, filed his verified disclaimer wherein it was set out that he disclaimed "all right, title, or interest of whatsoever character or extent in or to" the Buhl property, "being property referred to in paragraphs 5 and 8 of the complaint, * * *." It is not alleged that Brailsford ever went into possession of the Buhl property, and it was asserted in the argument before this court that the possession thereof remained in Mrs. Hazzard until her death, and thereafter in her devisee.

It is evident that the trial court assumed jurisdiction on the theory that some right, title or interest to the Buhl property remained in appellant Brailsford even in face of the fact that he reconveyed said property to Mrs. Hazzard, during her lifetime, by good and sufficient deed, and despite the fact that he had filed his verified disclaimer in which he disclaimed all right, title or interest therein. 15 C.J. 797 (No. 93): "2. Court cannot act Sua Sponte. A court cannot of its own motion assume jurisdiction in a particular matter; it is necessary that some person should in some legal way invoke its action." See, also, 21 C.J. 121 (No. 81). Under the circumstances, we think the special administrator could not be heard to assert there was a remainder, or that there was a cloud on title by reason of the deed from Mrs. Hazzard to appellant Brailsford. There was no issue to litigate or determine between the parties with respect to the Buhl property, and that fact was manifestly apparent from the complaint and disclaimer. If there was no issue as to the Buhl property, could said property be brought within the provisions of paragraph 3, Sec. 5-401, supra, providing that "where the real property is situated partly in one county and partly in another, the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action," and so as to give the trial court jurisdiction to try and determine the issues in respect to the Gooding County property?

There is another question touching the matter of the

trial court's jurisdiction and which arose during the progress of the trial.

The decree of November 6, 1942, is a final determination as to the Buhl property, and among other things recites as follows:

"That that certain deed dated the 28th day of February, 1939, between Louise W. Hazzard, a widow, of Buhl, County of Twin Falls, State of Idaho, the party of the first part, and Frederick M. Brailsford, a bachelor, of Twin Falls County, State of Idaho, the party of the second part; consideration, $1.00; and conveying unto the party of the second part all of the following described real estate situate in Twin Falls County, State of Idaho, to-wit:

"Lots Fifteen (15) and Sixteen (16) in Block Sixty-seven (67) in the Townsite of Buhl, Idaho, according to the official plat thereof on file and of record in the office of the County Recorder in and for Twin Falls County, Idaho,

"which was filed for record in the office of the County Recorder of Twin Falls County, State of Idaho, on the 28th day of February, 1939, and thereafter recorded in Book 118 of Deeds, at page 277, be, and the same hereby is, cancelled and annulled and rendered wholly void, of no force and effect, and held for naught."

No attempt is made to decree the Gooding County property.

Paragraph V of said decree recites:

"That this court shall and does hereby retain jurisdiction of this case for the purpose of taking additional evidence on the accounting referred to in paragraph III above and determining the amount, if any, due plaintiff or defendant, and for the purpose of thereafter entering a Final Decree herein appropriate in the premises."

Having by decree made final determination of the Buhl property the only property remaining for future determination is the Gooding County property.

Unquestionably, the subject matter of the action was within and governed by the provisions of Section

5-401, supra, and that said section is jurisdictional and mandatory. (*Brown v. Tamarack & C. C. M. Co.*, supra; *Sloss v. DeToro*, supra; *Atler v. Stolz*, supra; *Spaulding v. Porter*, supra; *Ryckman v. Johnson*, supra; *Taylor v. Sommers Bros. Match Co.*, supra; *McNee v. Hart*, supra; *Smith v. People*, supra; *Baker v. Firemen's Fund Ins. Co.*, supra; *Wood, et al, v. Emig*, supra; *Cohen v. Hellman C. T. & S. B.*, supra; *Neet v. Holmes, et al*, supra; *State v. Royal Consolidated Mining Co.*, supra; *Vaughn v. Roberts*, supra; *Eckstrand v. Wilshusen* (Cal.), 18 P. (2d) 931.)

Following the decree of November 6, 1942, respondent filed a supplemental complaint. The allegations of the supplemental complaint consist almost entirely of parts of the findings of fact, conclusions of law and the decree of November 6, 1942. Motions to strike were filed and considered, and appellant filed his answer thereto, and trial was had.

September 2, 1943, findings of fact, conclusions of law and decree were made and entered. Paragraph I of the decree (eliminating description of the property) is as follows:

"That that certain deed, dated November 26, 1938, between Louise W. Hazzard, Widow, of Buhl, County of Twin Falls, State of Idaho, the party of the first part, and Frederick M. Brailsford, a bachelor, of Hagerman, County of Gooding, State of Idaho, party of the second part and defendant herein, Consideration $1.00 and other valuable considerations, and conveying unto the said party of the second part all of the following described real estate, situated in Gooding County, State of Idaho, to-wit:

(Description here.)

"* * * which was filed for record in the office of the County Recorder of Gooding County, Idaho, on November 30, 1938, and thereafter recorded in Book 30 of Deeds, Page 190,

"BE AND THE SAME IS HEREBY cancelled and annulled and rendered wholly void, of no force and effect, and held for naught."

No mention of the Buhl property is made in the supple-

mental complaint, the findings, conclusions or decree of September 2, 1943.

█ Although an accounting feature was raised for the first time by the supplemental complaint nevertheless the action was not changed from a local to a transitory action, as the primary object was the recovery of real property.

· █ Inasmuch as jurisdiction cannot be conferred contrary to the statute, even by stipulation of the parties, and appellant having challenged the jurisdictional right of the trial court, by proper motion supported by affidavit and demand for change of place of trial, to try the action other than in Gooding County, that challenge, it would seem, continues throughout the entire trial. Accordingly, when the trial court entered its final decree of the Buhl property, thereby eliminating it from future consideration and leaving for subsequent adjudication, determination and final decree only the Gooding property, it was wholly without jurisdiction of the subject matter. (*Vaughn, et al, v. Roberts, et al,* supra; *McNee v. Hart,* supra; *Baldwin, et al, v. Anderson, et al,* 51 Ida. 614, 8 P. (2d) 461, and 33 C.J. 1076, No. 37, wherein it is said:

"In addition to jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant." (*Nora Gunnoe, Admrx., v. West Virginia Poultry Co-Operative Assn., et al.,* (W.Va.), 174 S.E. 691, 93 A.L.R. 944; *Williams, Receiver, and Nixon, Respondent, v. Sherman,* 36 Ida. 494, 212 P. 971; *Sweeney v. Am. Natl. Bank, et al,* 64 Ida. 695, 136 P. (2d) 973.)

█ It is urged by respondent that the recitals in the motion for change of place of trial, supporting affidavit and demand for change of place of trial show that the real property sought to be recovered is described in paragraphs II, III and IV of the complaint and is situated in both Twin Falls and Gooding Counties. An examination of said motion, affidavit and demand discloses that appellant does not use the expression "paragraphs II, III and IV of the

complaint", but uses the expression "pages 2, 3 and 4 of the complaint", meaning, of course, the original complaint filed and served. Even though the Twin Falls County and Gooding County properties were mentioned in the same paragraphs or the same pages of the complaint, we fail to see wherein it would be particularly significant in view of the fact that appellant had preceded said papers with his verified disclaimer as to any interest in the Twin Falls County property. While said motion, affidavit and demand could have been more specific, we think they sufficiently meet statutory requirements. (*McCarty v. Herrick,* 41 Ida. 529, 240 P. 192; *Stewart v. First N. B. & T. Co.,* (Mont.), 18 P. (2d) 801; *Tunnicliff v. Holmes,* 69 Cal. App. 702, 232 P. 148.)

The trial court having clearly acted beyond its jurisdiction, it is unnecessary to pass upon the other points raised upon this appeal.

For the reasons herein stated, the action is remanded with directions to the trial court to grant the motion for change of place of trial. Costs awarded to appellant.

Ailshie, C.J., Budge, Givens, Holden, JJ., concur.

### ON REHEARING

MILLER, J.—Following the filing of the original opinion herein, respondent filed a petition for a rehearing. The petition for a rehearing was granted and a rehearing had April 24. Since the rehearing this court has re-examined the questions presented on the original hearing and has carefully examined the questions presented by the petition for a rehearing, but finds no reason for changing the views expressed in the original opinion.

Holden, J., concurs.

Ailshie, C. J., concurs in the conclusion reached in the original opinion that the judgment should be reversed and the cause remanded with directions to grant a change of venue; also concurs in the dissent of Givens, J., with reference to the question of jurisdiction.

BUDGE, J.—Concurring in part and dissenting in part.

I agree with the conclusion reached in the majority opinion that the judgment should be reversed.

In my opinion this action is a local and not a transitory action; that the district court of Twin Falls County was without jurisdiction over the subject-matter involved, which objection may be raised at any time and cannot be waived. (1 C.J. p. 35, sec. 26.) Therefore, said district court had no jurisdiction to enter the judgment or to make any orders in connection with the proceedings had. I am fully satisfied, both upon principle as well as by the provisions of sec. 5-401, I.C.A., (see also *Taylor v. Sommers Bros. Match Co.*, 35 Ida. 30, 204 P. 472, 42 A.L.R. 189) that an action involving real property, or any right, title or interest therein, must be commenced in the county or judicial district where the real property is situated.

The only property here involved was real property located in Gooding County, one of the counties comprising the Fourth Judicial District. The record definitely and conclusively establishes the foregoing statement. Consequently, it would follow that the District Court of the Eleventh Judicial District, in and for Twin Falls County, never having acquired jurisdiction over the subject-matter involved for any purpose, could neither render nor enter a valid judgment or order in relation thereto. *Therefore, I am not inclined to hold with the majoritiy opinion wherein it states*:

"For the reasons herein stated, the action is remanded with directions to the trial court to grant the motion for change of place of trial."

The trial court, upon receipt of the remittitur, should dismiss the action without prejudice. (*Urton v. Woolsey* (Cal.), 25 P. 154; *Fritts v. Camp* (Cal.), 29 P. 867; *State v. Royal Consol. Mining Co.* (Cal.), 202 P. 133; *Nashville v. Webb* (Tenn.), 4 Ann. Cas. 1169.)

GIVENS, J., dissenting—By petition for rehearing, respondent urges that appellant, not having appealed from the order denying the change of place of trial as provided by sub-division 2, Section 11-201, I.C.A., may not now question the correctness thereof, relying on *Maple v. Williams,* 15 Ida. 642, 98 P. 848; *Ringer v. Wilkin,* 32 Ida. 330,

183 P. 986; *Boise Assn. of Credit Men v. Insurance Co.*, 44 Ida. 249, 256 P. 523.

Appellant counters with the proposition that those cases involved transitory actions, whereas this is local, and exclusive jurisdiction is in the county where the real estate is situated, and lack of such jurisdiction may be raised any time and any place.

The majority opinion initially held to such effect, but on the first argument respondent did not urge the failure to appeal from the order as a bar and the point was not discussed.

Appellant now contends that not thus having been previously raised, it cannot now be considered on rehearing. The court has held to the contrary.

"It is contended, *in limine*, by counsel for respondent that, as some of the questions raised on the rehearing were not raised on the original hearing, they cannot now be considered. In reply to this we say that the rehearing was granted generally, and upon no specified points or questions, and therefore any questions that could have been properly raised on the original hearing could be presented on the rehearing. * * *" (*Olympia Min. Co. v. Kerns*, 13 Ida. 514 at 527, 91 P. 92.)

The reason now advanced by respondent could certainly have been urged in the first instance and the court above specifically states, "any questions that could have been properly raised on the original hearing could be presented on the rehearing."

Appellant sought a change of venue and in his appeal from the judgment urges that the trial court was in error in denying it. The question of venue has at all times been in the case at appellant's instance so he may not complain that it be fully considered on the merits. (*Malcolm v. Hanmer*, 64 Ida. 66, on petition for rehearing at 86, 127 P. (2d) 331.)

The court has even entertained a second rehearing and considered matters not theretofore similarly urged.

"While, as a matter of strict legal right, failure of counsel sufficiently to present a cause for determination is no

ground for a rehearing, and matters presented for the first time on application for rehearing need not necessarily be considered (4 C.J., p. 627, sec. 2488, p. 629, sec. 2494), *it is more essential that justice be done than that exact or technical rules of practice or procedure be followed.* * * *" (Emphasis ours). (*Wallace B. & T. Co. v. First Nat. Bk.,* 40 Ida. 712 at 725, Opinion on rehearing at 724, 237 P. 284.)

The pivotal question is whether the statutes of this state have so irremovably fixed the venue of actions involving real property in the county where the same is situated that by failure to follow the statutory procedure outlined to enforce a trial therein, the right so to do is waived.

The cases relied upon by appellant to support his ultimate contention that Section 5-401, I.C.A. confers exclusive jurisdiction on the county where the property is located, on analysis and consideration of the grounds for their holdings, in light of the difference between the underlying constitutional and statutory provisions there considered and our statutes render such authorities entirely inapplicable.

While it is true that Section 5-401, I.C.A. is identical with Section 392 of the California Court of Civil Procedure, the California authorities cited did not place their holding of exclusive jurisdiction on such statute, but upon a provision in the California constitution, Article VI, Section 5, which we do not have, which is clearly apparent from a cursory reading of the opinions.

"* * * The action, therefore, is an action to enforce a lien upon real property; and the constitution provides that 'all actions for * * * the enforcement of liens upon real estate shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated.' The superior court of Fresno had, therefore, no jurisdiction over the case, and no authority to enter the judgment. * * *" (*Urton v. Woolsey* (Cal.), 25 P. 154 at 155.)

It will be noted that in the above case no reference whatever is made to the statute.

"In section 5, art. 6, of the constitution of this state, it is provided, as to superior courts, that their process shall extend to all parts of this state, 'provided that all actions

for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon, real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated.' If our reasoning so far is correct, it must be apparent, without further argument, that this case is one which, under the constitution, should have been commenced in the county where the land is situated, to-wit, in Siskiyou county. * * *" (*Fritts v. Camp* (Cal.), 29 P. 867 at 868.)

"Pursuant to the foregoing constitutional provision, section 392 of the Code of Civil Procedure similarly confers jurisdiction upon the courts in the county in which the real property, which is the subject of the action, is situated, in partition suits, foreclosure of mortgages and other liens on real property, and in suits to recover possession of the property or an interest therein, to determine, in any form, the rights or interests in such property and for injuries thereto." (*Vaughan v. Roberts* (Cal.), 113 P. (2d) 884 at 889.)

It will be noted that the court in the last cited case states the statute was pursuant to the constitutional provision; absent such constitutional provision, there is no basis for holding that the statute gives exclusive jurisdiction, that is, jurisdiction which cannot be waived.

The Washington courts have held the jurisdiction exclusive because of two reasons, neither of which are pertinent or controlling in view of the differences in the statutes.

*McLeod v. Ellis* (Wash.), 26 P. 76, held that Section 48 of their code, similar to Section 5-401, I.C.A., gave exclusive jurisdiction because the subject matter contained in our Section 5-405, I.C.A. was not in a separate section, but in their Section 50, coupled with subject matter similar to 5-401, I.C.A., concluding that by such joinder, the waiver by not objecting, applied only to transitory actions. Our waiver provision being in a separate section was clearly intended by the legislature to apply to all situations theretofore enumerated in Sections 5-401 through 5-404, I.C.A. inclusive, since no exception whatever was made in the statute. On the point involved in the venue of actions involving real property, *McLeod v. Ellis*, supra, might well be considered mere dictum because

the court ultimately determined that the suit only involved personality and, therefore, was transitory, hence in passing upon the venue of real property actions, it was deciding something which was not before the court.

"Under the construction thus adopted, were we to hold further that the action was one for injuries to the realty, the judgment would necessarily be reversed, and the action dismissed for want of jurisdiction in the court below. *But the appellee contends, and, on the whole, we conclude, rightly, that his action was one for the value of his trees as personality merely, without any claim for injury to his land. * * *"* (Emphasis ours). (*McLeod v. Ellis,* supra at 78.)

"* * * It is the policy of our law that all transactions affecting the title to real estate shall be matters of record in the county where such real estate is situated, *so that any one concerned therewith may be informed as to the condition of its title by an examination of the public records in such county. * * *"* (Emphasis ours). (*Seymour v. LaFurgey* (Wash.), 92 P. 267.)

An examination of the Washington statutes discloses that they do not have a statute like our Section 5-409, I.C.A.[1], which absolutely does away with the latter reason assigned by the Washington court. Thus the statement that venue in Washington is a matter of jurisdiction rests upon a statute, not drawn as ours, and second a reason, which our statute obviously distinguishes. (*Miles v. Chinto Mining Co.* (Wash.), 153 P. (2d) 856.)

*Woodworth v. Henderson* (Colo.), 65 P. 25, was not an action involving real property.

---

[1] "5-409. Actions affecting real estate—Proceedings after judgment.—When an action or proceeding affecting the title to or possession of real estate has been brought in or transferred to any court of a county other than the county in which the real estate, or some portion of it, is situated, the clerk of such court must, after final judgment therein, certify, under his seal of office, and transmit to the corresponding court of the county in which the real estate affected by the action is situated, a copy of the judgment. The clerk receiving such copy must file, docket and record the judgment in the records of the court, briefly designating it as a judgment transferred from——— court (naming the proper court.)"

*Mayor, Etc., of Nashville v. Webb* (Tenn.), 85 S.W. 404, for its conclusion that a county other than the one where real estate is located has no jurisdiction, and the same cannot be waived, relied upon *Board of Directors v. Bodkin* (Tenn.), 69 S.W. 270, which case held that the action therein considered was against public officials on a government obligation and they had to be sued where they held office and could not waive lack of jurisdiction because of their official immunity.

Furthermore, an examination of the Tennesee statutes, Article 5, c. 4, Part III, Code of Tennessee 1884, and c. 4, Part III, Code of Tennessee 1932, discloses that they have no such provision as 5-406 or 5-409, I.C.A.

Oklahoma does not have statutes similar to 5-405 or 5-409, I. C. A. Hence *Franklin v. Margay Oil Corporation* (Okla.), 153 P. (2d) 486, is not applicable herein.

Section 5-405, I.C.A.[2], makes no distinction between transitory or local actions. If, nevertheless, it is held not to apply to local actions, there is just as much reason to hold that Section 5-406, I.C.A. does not apply to local actions, yet Section 5-409, I.C.A. contemplates or recognizes that judgment involving real property may be rendered in counties other than where the property is situated, hence that jurisdiction as such is not exclusive in the county where the real property is situated. Otherwise that section is well nye meaningless and we cannot presume that the legislature intended an ineffective enactment. (*Diefendorf v. Gallet,* 51 Ida. 619 at 634, 10 P. (2d) 307.)

All of our venue statutes were enacted at the same time in c. 12, 1881 Territorial Session Laws, p. 39. The headnote in the Session Laws indicates that it was the legislative intent that Section 5-405, I.C.A. apply to all causes of action, hence failure to transfer to the proper county could be waived. Section 642, c. 41, of the 1881 statutes provided without exception for an appeal from "an order

---

[2] "5-405. Improper venue—Proceedings.—If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be held in the proper county."

granting or refusing to grant a change in the place of trial." (Page 146).

" 'The rule that statutes *in pari matera* should be construed together applies with peculiar force to statutes passed at the same session of the legislature.' " (25 R.C.L., Secs. 167, 168, 169 and 170; *Peavy v. McCombs,* 26 Ida. 143, 140 P. 965; *Perrault v. Robinson,* 29 Ida. 267 at 275, 158 P. 1074; *State v. McBride,* 33 Ida. 124 at 128, 190 P. 247.)

In Idaho this is purely a statutory question and the clear statement and plain intendment of our statutes are that the legislature did not intend to make a distinction between transitory or local actions as to waiver or appeals in connection therewith, therefore, I dissent.