558 P.2d 1071

**Wesley B. THOMPSON, Plaintiff-Respondent,**

v.

**Paul TURNER, Defendant-Appellant.**

**No. 12066.**

Supreme Court of Idaho.

Jan. 20, 1977.

Reginald R. Reeves, of Denman, Reeves & Ohman, Idaho Falls, for defendant-appellant.

W. Joe Anderson, of Sharp, Anderson & Bush, Idaho Falls, Sherman F. Furey, Jr., Salmon, for plaintiff-respondent.

DONALDSON, Justice.

The central issue presented by this appeal is whether it is an abuse of discretion for the trial court to grant a motion changing venue back to the county from which the case had been transferred by stipulation of the parties. Under the facts of this case, we hold that it was not.

On April 6, 1972, plaintiff-respondent Wesley B. Thompson conveyed certain real property located in Lemhi County to defendant-appellant Paul Turner. Shortly after the conveyance, appellant Turner obtained a $200,000 loan from Mutual Life Insurance Company (hereinafter Mutual) which was secured by a mortgage on the property. He later obtained another $200,000 loan from Valley Bank, Inc., (hereinafter Valley) which was also secured by a mortgage on the real property.

On April 15, 1974, respondent Thompson instituted this action against appellant alleging the conveyance was void due to fraud and lack of consideration. He sought to set the conveyance aside, to quiet his title in the real property, and to obtain a money judgment for the portions of the loans which were converted by appellant Turner to his own use. The action was originally filed in Lemhi County but was transferred to Bonneville County pursuant to stipulation of the parties. Subsequent to the initiation of this action, both Mutual and Valley began proceedings in Lemhi County to foreclose their mortgages. In each action respondent Thompson asserted a cross-claim against appellant seeking the same relief requested in this action. On July 30, 1975, upon motion by respondent, the court ordered that the venue of this action be changed from Bonneville back to Lemhi County, and that this action be con-

**112**

solidated with the foreclosure proceedings begun by Mutual and Valley.

◼ Appellant assigns as error the orders of the trial court granting respondent's motions for a change of venue and for consolidation, and denying his motion to dismiss. We will consider only the order granting the change of venue since appeal from the latter two orders is not authorized. I.C. § 13–201; *Wilson v. DeBoard*, 94 Idaho 562, 494 P.2d 566 (1972).

Appellant contends that the trial court should have denied the motion for two reasons: (1) its denial of a previous motion by respondent for a change of venue was res judicata and (2) the parties stipulated to the original change from Lemhi to Bonneville County. Respondent counters that under *Banbury v. Brailsford*, 66 Idaho 262, 158 P.2d 826 (1945), the Court was required to grant the motion because it lacked subject-matter jurisdiction to try the case.

◼ Appellant's argument based upon the doctrine of res judicata must fail. An order denying a motion for a change of venue is not a judgment subject to that doctrine. As to the stipulation, the trial court decided that the proper venue for this action was Lemhi County since it is an action for the determination of an interest in real property. I.C. § 5–401. Therefore, the question is whether it erred in relieving respondent of the stipulation and transferring the case back to Lemhi County.

◼ It is within the sound judicial discretion of a trial court, for good cause shown and in furtherance of justice, to relieve a party from a stipulation. *Loughrey v. Weitzel*, 94 Idaho 833, 498 P.2d 1306 (1972); *Call v. Marler*, 89 Idaho 120, 403 P.2d 588 (1965). The trial court granted the change of venue so that this case could be consolidated with those instituted by Mutu-

al and Valley. All three cases involve the same real estate, and both appellant and respondent are defendants in the other two cases. The trial court determined that consolidating the cases would reduce costs and delay, that it would be more convenient for the parties and witnesses, and that it would be in the best interests of justice. Under the circumstances, we cannot say that it abused its discretion in relieving respondent of the stipulation and in granting the motion to change venue back to Lemhi County.

◼ Although we uphold the action of the trial court, we do not do so for the reason urged by respondent. The Court in *Banbury v. Brailsford, supra*, stated that in enacting I.C. § 5–401,[1] the legislature intended to limit the jurisdiction of the lower courts. Only a court in the county in which real property is located has subject-matter jurisdiction to try an action affecting the title to or possession of that real property. After reviewing the decision, however, we find the dissent of Justice Givens to be persuasive. For the following reasons we hold that the *Banbury* Court was incorrect insofar as it stated that I.C. § 5–401 limits the subject-matter jurisdiction of the lower courts.

Idaho Code § 5–401 was originally enacted in 1881 as § 205 of the Code of Civil Procedure. On its face it states that its provisions as to proper venue are "subject to the power of the court to change the place of trial." Section 210 of the Code of Civil Procedure permitted a change of venue in certain instances. It made no distinction between actions affecting real property and other types of actions. Section 213 of the Code of Civil Procedure expressly recognized that an action affecting the title to or possession of real estate could be brought in or transferred to a court of a county

---

[1] "5–401. Actions relating to real property.— Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, as provided in this code:

1. For the recovery of real property, or of an estate or interest therein, or for the determi-

nation in any form of such right or interest and for injuries to real property.

2. For the partition of real property.

3. For the foreclosure of a mortgage of real property. Where the real property is situated partly in one county and partly in another, the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action."

other than the county in which the real estate or some portion thereof was situated. The section provided that in such cases a copy of the final judgment would be transmitted to the clerk of the court of the county in which the real estate was situated.[2] It is obvious that had the legislature intended I.C. § 5-401 to limit the subject-matter jurisdiction of the lower courts, § 213 of the Code of Civil Procedure would have been a meaningless enactment.

The order of the district court granting the motion for a change of venue is affirmed. Costs to respondents.

McFADDEN, C. J., and SHEPARD, BAKES and BISTLINE, JJ., concur.

2. Section 210 of the Code of Civil Procedure was last compiled in I.C. § 5-406, and § 213 is compiled in I.C. § 5-409. Idaho Code § 5-406 was repealed as a procedural statute in conflict with or covered by the Idaho Rules of Civil Procedure. Ch. 242, § 1 [1975] Idaho Sess. Laws 651.