(June 14, 1916.)

## CLARA KOEPL, Respondent, v. CATHERINE RUPPERT and WILLIAM RUPPERT, Her Husband, Appellants.

[158 Pac. 319.]

STIPULATION OF PARTIES—DISCRETION OF COURT.

1. The evidence in this case examined and found to sustain the action of the trial court in setting aside the stipulation of the parties whereby it was attempted to compromise and dismiss the action.

2. It is within the sound judicial discretion of the trial court, for good cause shown and in furtherance of justice, to relieve parties from stipulations which they have entered into in the course of judicial proceedings, and it is its duty to do so when enforcement thereof would be inequitable and when all parties to the action will, by vacating the stipulation, be placed in exactly the same condition they were in before it was made.

[As to power and discretion of courts with respect to relieving parties from stipulation, see note in **Ann. Cas. 1912C, 769.**]

APPEAL from the District Court of the Second Judicial District for Lewis County. Hon. Edgar C. Steele, Judge.

Action to enforce specific performance of a contract to convey title to real property. Judgment for plaintiff. *Affirmed.*

Chas. L. McDonald, for Appellants.

There is nothing in the evidence that warranted the court in finding respondent mentally incompetent to make the settlement agreement, or in its setting the same aside. (*Shaughnessy v. Hood,* 21 Ida. 709, 123 Pac. 641; *Turner v. Gumbert,* 19 Ida. 339, 114 Pac. 33; *Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45; *Coe v. McGran,* 23 Ida. 582, 131 Pac. 1110; *Weber v. Della Mt. Min. Co.,* 14 Ida. 404, 94 Pac. 441.)

If it is true, as the court found, that respondent did not become mentally incompetent to contract until two or three days after the agreement was signed, and further, that the court was unable to determine from the evidence at what period respondent passed from partial to total incompetency, upon what did he predicate his finding that at the time of signing the agreement respondent's mental and nervous condition was so far disordered that she could not comprehend the terms of the settlement agreement? (*Ratliff v. Baltzer's Admr.,* 13 Ida. 152, 89 Pac. 71.)

For a comprehensive discussion of the question involved, and a showing that the great weight of authority sustains the right of a client at any time before judgment, if acting in good faith, to compromise, settle or adjust his cause of action out of court without his attorney's intervention, knowledge or consent, see Ruling Case Law, 1000.

S. O. Tannahill and C. H. Nugent, for Respondent.

The court will not dismiss a case on a compromise entered into by the parties acting under a misapprehension, and without the consent of their attorneys. (*Board of Commrs. etc. of San Jose v. Younger,* 29 Cal. 147, 87 Am. Dec. 164.)

A settlement entered into by a party without the consent of the attorneys of record will not be enforced by the courts where it savors of unfairness, oppression, mistake or misapprehension. (*Board of Commrs. etc. of San Jose v. Younger, supra; Wylie v. Sierra Gold Co.,* 120 Cal. 485, 52 Pac. 809.)

The court may relieve the parties from a stipulation that has not been carried out. (*Barry v. Mutual Life Ins. Co. of New York,* 53 N. Y. 536; *Wells v. Penfield,* 70 Minn. 66, 72 N. W. 816; *Paschall v. Penry,* 82 Tex. 673, 18 S. W. 154; *Gerdtzen v. Cockrell,* 52 Minn. 501, 55 N. W. 58.)

The court has a wide discretion to relieve a party from a stipulation inadvertently, unadvisedly or improvidently entered into which will work to his prejudice, if both parties can be restored to the same condition as when the agreement was made. (20 Ency. Pl. & Pr. 664; *Sperb v. Metropolitan El. Ry. Co.,* 57 Hun, 588, 10 N. Y. Supp. 865.)

MORGAN, J.—It is alleged in the complaint in this case that one George Koepl was, at the time of his death, the owner of certain land in Lewis county; that respondent was the daughter-in-law and appellant, Catherine Ruppert, who is respondent's daughter, was the granddaughter of Koepl; that on the 20th day of June, 1910, Koepl made his will bequeathing unto Catherine Ruppert the land in question, and that shortly thereafter an agreement was entered into between all of said parties whereby appellants sold and agreed to deed the land to respondent; that pursuant to the agreement and for the purpose of carrying it out, with the knowledge and consent of appellants, Koepl placed respondent in the quiet and peaceable possession of the land, and she thereafter remained in possession until after the death of Koepl, which occurred on December 22, 1911, and until the month of January, 1913, when she was ousted by appellants. This is an action for specific performance of the contract to convey the land.

It is alleged that as a part of the agreement to purchase and convey the land, appellants were to furnish Koepl a

home, necessary care, attention, food and clothing during the remainder of his life, and that respondent should pay one-half of the household expenses of appellant and Koepl; also that after Koepl's death, and when title to the land had vested in Catherine Ruppert, it should be conveyed to respondent upon the payment of $2,000. It is further alleged that prior to the commencement of this action Koepl died; that title to the property vested in Catherine Ruppert, and that respondent had performed the conditions of the contract to be by her performed and had paid $1,275 toward the purchase price of the land and tendered $725, being the balance due thereon according to her contention.

After the close of the trial in the district court, and when the case had been taken under advisement by the judge, the parties litigant and some of their friends, without the knowledge or consent of any of their attorneys, entered into a stipulation to settle and dismiss the action. Thereafter respondent, by permission of the court, filed a supplemental complaint asking that the stipulation be set aside. The cause came on further to be heard on the supplemental complaint and appellants' answer thereto, and the testimony taken and documentary evidence introduced has been incorporated in the transcript which constitutes the only evidence before us. Since the evidence introduced at the first hearing and prior to making the stipulation of settlement is not before us, we must assume the findings of fact made by the trial judge relative to the contract of purchase and sale of the land and the performance of the conditions thereof by respondent are sustained by the evidence.

The trial judge found that $1,200 had been paid by respondent upon the purchase price, and entered a decree directing specific performance of the contract to convey title to the land from appellants to respondent, subject to her payment of $800, the balance found to be due thereon. This appeal is from the judgment.

While a great number of errors are specified, they all go to the sufficiency of the evidence to sustain the findings and decree of the court setting aside the stipulation of settle-

ment.  Upon this point the trial judge found that respondent is of German nativity, and does not readily comprehend the terms and effect of a contract in the English language; that she was nervous and that on the evening of the day the stipulation was made her mental and nervous condition had grown worse and continued to grow worse, and that two or three days afterward she became entirely mentally incompetent to enter into or to understand any contract or to transact business of any kind; that she remained wholly incompetent to transact or understand any business or agreement for several days thereafter; that her condition was not permanent in the sense of being continuous; that the court was unable to determine at just what period during said time respondent passed from partial competency to total incompetency, but that at the time of signing the instrument her mental and nervous condition was so far disordered that she was unable to, and could not and did not, understand the terms of the proposed settlement, or the terms of the effect of the agreement; that appellants took advantage of her weakened, nervous and mental condition, well knowing the same, with intent to overreach and defraud her, and that she would not have signed the same had she understood, or been able to understand, the terms of the proposed settlement or the effect thereof; that under the proposed settlement respondent did not receive any remuneration for the $1,200 paid to the appellants as a part of the purchase price of the property mentioned in the complaint, and that said agreement of settlement is an unconscionable contract.  The trial judge further found that the stipulation of settlement was executory, and refusal to enforce it would leave all parties thereto in exactly the same condition they were in before it was signed.

We have carefully examined the testimony introduced relative to the mental condition of respondent at the time and immediately after the agreement to compromise the case was entered into, and are convinced that the action of the trial judge in setting aside the stipulation is fully justified thereby.  Furthermore, it is within the sound judicial discretion of a trial court, for good cause shown and in further-

ance of justice, to relieve parties from stipulations which they have entered into in the course of judicial proceedings, and it is its duty to do so when enforcement thereof would be inequitable and when, as in this case, all parties to the action will, by vacating the stipulation, be placed in exactly the same condition they were in before it was made. (*Sperb v. Metropolitan El. Ry. Co.*, 57 Hun, 588, 10 N. Y. Supp. 865; *Keens v. Robertson*, 46 Neb. 837, 65 N. W. 897; *Wells v. Penfield*, 70 Minn. 66, 72 N. W. 816; *Gerdtzen v. Cockrell*, 52 Minn. 501, 55 N. W. 58; *Barry v. Mutual Life Ins. Co. of New York*, 53 N. Y. 536; 20 Ency. Pl. & Pr., p. 662.)

The judgment of the trial court is affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.