403 P.2d 588

**J. Hyrum CALL, Elizabeth H. Call, as co-trustees, W. W. Dillard and Essie Dillard, Husband and Wife, Plaintiffs and Counter Defendants-Respondents,**

v.

**Virgil A. MARLER and Alice Marler, Husband and Wife, Defendants and Counter Claimants-Appellants.**

**No. 9531.**

Supreme Court of Idaho.

June 25, 1965.

R. M. Whittier and L. Kim McDonald, Pocatello, for appellants.

Jones, Pomeroy & Jones and Racine, Huntley & Olson, Pocatello, for respondents.

KNUDSON, Justice.

Plaintiffs-Respondents, J. Hyrum Call, Elizabeth H. Call, as co-trustees, W. W. Dillard and Essie Dillard, husband and wife, commenced this action seeking a partition or sale of 160 acres of land which they held as tenants in common with defendants-appellants, Virgil H. Marler and Alice Marler, husband and wife. Defendants filed their answer contending the property could not be partitioned, and also by way of counterclaim sought an accounting of rents and profits allegedly received by plaintiffs and their predecessors in interest while they occupied or had the use of the land involved.

The partition of the land has been accomplished and it has been stipulated that any matters relating to the division of the land are no longer to be considered as an issue on this appeal.

The issues created by the pleadings involve rents and profits which allegedly accrued during 1947 and subsequent years. Defendants acquired their undivided one-half interest in the land under deed executed by Hazelle McDonald and Eugene P. McDonald, wife and husband, dated April 19, 1960 (Def.Exh. I). Prior to said transfer the McDonalds and respondents W. W. Dillard and wife were owners of the land as tenants in common. Prior to the commencement of this action (March 20, 1961)

the McDonalds had filed an action against the Dillards in Los Angeles County, California, seeking to recover for past due rentals relative to the property here concerned. Under date of June 9, 1960, McDonalds assigned their right, title and interest in and to said cause of action to defendants, Marlers.

In 1961 plaintiffs Calls entered into a purchase contract whereby they agreed to purchase all interest which the Dillards had in the land and also agreed to pay any moneys due to the defendants by reason of their succession to the rights of McDonalds.

Trial was had before the court sitting without a jury and judgment was entered June 19, 1964 in favor of defendants in the amount of $1,889.03, together with interest and without costs. This appeal is from said judgment.

Under appellants' assignments of error Nos. IV, V and VI it is contended that the trial court did not allow appellants compensation to which they were entitled for their proper share of the wheat crop raised on 40 acres of the land which had been farmed by Calls during 1961. These assignments are not discussed by respondents in their brief.

The evidence established that 1384.83 bushels of wheat had been raised on said 40 acres during 1961 and the court found that 346.3 bushels constituted appellants'

share of such crop. The findings do not disclose the steps considered or method employed by the court in arriving at that figure, however it amounts to one-fourth of the total crop which is in keeping with the percentage allowed each of the owners as concerns the other crops produced during that year on the land involved and constituted a fair and reasonable apportionment. We are unable to find in the record support for the court's conclusion that such wheat was worth only $1.65 per bushel. Plaintiffs' Exhibit B discloses that one-half of that crop of wheat was sold for $2.12 per bushel and since there is no other competent evidence of the value, appellants should be awarded $734.15 instead of $571.40 as their share of said crop.

Appellants contend that the court erred in failing to make findings of fact and conclusions of law relative to appellants' claim for rents and profits for the years 1947 through 1951. The court did find that plaintiffs' predecessors in interest, the Dillards, resided outside of this state during said period, and that the rents payable to defendants or their predecessors in interest, the McDonalds, for said years were due and payable in this state as rents on Idaho real property.

The purpose of requiring findings of fact and conclusions of law is to aid the appellate court by affording it a clear understanding of the basis of the decision of the

trial court. The absence of findings may be disregarded by the appellate court if the record is so clear that the court does not need their aid for a complete understanding of the issues. Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788. In view of the condition of the record before us, we consider this rule to be applicable herein.

■■■■ The burden of establishing that rentals were payable to them for the years 1947 through 1951 was on appellants. The only evidence submitted relative to said period was the testimony of one witness who was unable to state the kind, amount or value of the crop or crops raised or produced during any of said years. The proof submitted was incompetent and insufficient to support a judgment of any amount in favor of appellants under said claim.

Appellants contend that the court erred in finding that the defendants, as tenants in common with plaintiffs, were precluded from recovering their share of past rentals and profits because of the running of the statute of limitations and in failing to set aside pretrial conference order that had been erroneously ordered by the court.

The rents and profits involved under these assignments of error were originally those allegedly owed from respondents Dillards to the McDonalds as the latter's co-tenant's share for the years 1952 through 1956. Appellants claim such rentals under an assignment from McDonalds and seek to recover them under their counterclaim.

The record discloses that a pretrial conference was had before the court on February 7, 1962, at which time all of the parties involved were represented by their respective attorneys. On April 13, 1962, a pretrial conference order was entered and filed which stated that the parties had stipulated the following quoted paragraph 6:

"6. That $1,000.00 per year was paid by the Calls to the Dillards for rent for the years 1952, 1953, 1954, 1955, and 1956. That the collection of these rents by the defendants, Marlers, is barred by the Statute of Limitations."

The order further directed that a copy thereof be mailed forthwith to each of the counsel for the parties. It also ordered that the case be set for trial to commence April 30, 1962.

On October 2, 1962 the court made findings of fact and conclusions of law wherein, at paragraph 7 thereof, it is stated that the court finds:

"7. That the parties agree the collection of rents for the years 1952, 1953, 1954, 1955 and 1956 is barred by the Statute of Limitations."

These findings were filed October 3, 1962.

On October 17, 1962, defendants filed their objections to the findings and conclusions wherein it is stated that the defendants

"object to finding number 7 for the reason that the Defendants and Counter-Claimants do not agree that the collection of the rents for the years 1952 through 1956 is barred by the Statute of Limitations."

On the same day defendants filed their motion to strike from paragraph 6 of the pretrial conference order the following quoted language:

"That the collection of these rents by the Defendants, Marlers, is barred by Statute of Limitations."

As a part of said motion defendants also stated that in the alternative they moved to have the case reopened and to permit counsel to have the pretrial statements amended and a hearing had relating to the running of the statute of limitations. This motion was supported by the affidavit of R. M. Whittier, attorney for defendants, wherein the affiant states positively and unequivocally that the defendants did not enter into a stipulation as stated in said paragraph 6 of the pretrial conference order. By order dated February 29, 1964 and filed March 4, 1964, defendants' said motions were denied on the ground that the motion was not timely.

The supporting affidavit contains the following explanation of defendants' delay in presenting such motion to strike:

"Your Affiant further states that Item 6 of the pre-trial conference order was permitted to stand without any mention for the reason that the Defendants and Counter-Claimants, Marlers, and their attorney over-looked and did not become advised of the contents of Item 6 of the pre-trial order until this date and that it was assumed by the Defendants and Counter-Claimants that the facts were that this was an issue which was in accordance with the Defendants' pre-trial statements to the Court furnished at the time of the pre-trial hearing and that this is a matter of oversight or excusable neglect and that great and irreparable harm would result if this order was permitted to stand undisturbed."

In support of appellants' contention that it is evident from the record that neither court nor counsel considered that such a stipulation had been entered into at the pretrial conference, our attention is called to the following quoted stipulation which was entered into in open court during the trial and as a part of defendants' case, to-wit:

"MR. WHITTIER: Before proceeding further, I wonder if counsel would stip-

**126**

ulate the fact that—in one of these issues is whether the statute of limitations has run. I wonder if it could be stipulated that Mr. Dillard has been out of the State of Idaho for the years 1947 through 1962.

"THE COURT: Mr. Racine.

"MR. RACINE: Well, —

"MR. WHITTIER: Or do you want me to produce evidence on this?

"MR. RACINE: No, I think not. We understand generally that he has been a resident of California although occasionally in the State of Idaho, Your Honor, and we—

"THE COURT: Not as a resident in the State of Idaho, but as—

"MR. RACINE: Not as a resident in Idaho.

"THE COURT: —only as a visitor.

"MR. RACINE: As a visitor.

"THE COURT: The record will show that you gentlemen have stipulated that W. W. Dillard and Essie Dillard have been residents of California during the terms—times in question in the cross complaint."

The provisions of I.C. § 5–229 are pertinent to the foregoing stipulated facts. Said section provides:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

Since the statute of limitations may have been suspended during the time Dillards were absent from this state, it is evident from the foregoing stipulated facts that the collection of rents for the years 1952 through 1956 was not in fact barred by the statute of limitations. Consequently the above quoted stipulation is exactly contrary to the stipulation stated in the pretrial conference order. Obviously only one of them can be given effect. Appellants contend that the stipulation made during the trial should control since it is a stipulation of fact while the other was a stipulation of law and not binding on the court (John Hancock Mutual Life Insurance Co. v. Niell, 79 Idaho 385, 319 P.2d 195), or on the parties. Cox v. City of Pocatello, 77 Idaho 225, 291 P.2d 282.

The pretrial conference order is governed by I.R.C.P. Rule 16, which states in part:

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues

for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

Stipulations are ordinarily entered into for the purpose of saving time, trouble or expense and as a general rule the parties are bound thereby. However a court may in its sound discretion relieve against a stipulation entered into through mistake or misunderstanding of fact or entered into inadvertently, inadvisedly, or improvidently where under all the circumstances its enforcement would work an injustice. Bradford v. Schmucker, 10 Cir., 135 F.2d 991, and cases cited therein. Concerning this subject this court, in Koepl v. Ruppert, 29 Idaho 223, 158 P. 319, stated:

"Furthermore, it is within the sound judicial discretion of a trial court, for good cause shown and in furtherance of justice, to relieve parties from stipulations which they have entered into in the course of judicial proceedings, and it is its duty to do so when enforcement thereof would be inequitable and when, as in this case, all parties to the action will, by vacating the stipulation, be placed in exactly the same condition they were in before it was made."

In the instant case appellants contend that since the court heard evidence on the matter and respondents stipulated that the Dillards did not reside in Idaho during the stated years and the rental involved during those years was recognized as an issue in the case, they were entirely misled by the court's recognition of the challenged portion of the order.

I.R.C.P. 16 expressly authorizes modification of the pretrial conference order during the trial. Since paragraph 6 of said order is contrary to the stipulation entered into during the trial, the latter must be regarded as a modification of the order to the extent that it nullified said paragraph 6 of the order. We therefore conclude that the court erred in finding "that the parties agreed the collection of rents for the years 1952, 1953, 1954, 1955 and 1956 is barred by the Statute of Limitations."

The trial court held that each party bear their own costs. Although error is assigned to this order, it is not discussed in respondents' brief. Appellants contend that since they were awarded a judgment for a net sum of $1,889.03 and interest they were entitled to recover their costs pursuant to the provisions of I.C. § 12–104.

This action was originally concerned with a partition or sale of real property which in its nature involves title or possession of real estate. By their counterclaim

appellants introduced the issue involving the recovery of money. The issues presented by both parties were tried together and at the same time. Respondents were successful in their action seeking partition and under I.C. § 12–102 they likewise were entitled to recover costs incident to their action.

In the absence of a showing on the part of appellants that the costs which they incurred in the prosecution of their counterclaim exceeded the costs allowable to respondents under the judgment decreeing partition, appellants were not entitled to the relief requested. There being no such showing the claimed error is without merit.

The judgment of the trial court is modified and the cause remanded with directions to the trial court as follows:

(1) To strike paragraph 7 from its findings of fact.

(2) To consider such evidence as has been introduced and to hear and consider such additional evidence as the parties or any of them may offer in support of or relative to the allegations contained in the fourth cause of action in defendants' counterclaim and also defendants' claim for rentals accruing during the year 1952; to hold a hearing for such purpose within 90 days of the filing of the remittitur in this case.

(3) To determine the liability, if any, of respondents, or any of them, to appellants as claimed by the latter for the years 1952, 1953, 1954, 1955, 1956 and 1957 and enter as a part of the judgment the amount found due if any.

(4) To amend its conclusions of law by striking from subsection c of paragraph 4 thereof the following words and figures, "$1.65 or $571.40," and substitute therefor the following, "$2.12 or $734.15."

(5) To amend the judgment in favor of defendants by increasing the award to the extent of $162.75 plus such amount, if any, as the court may find defendants to be entitled as rentals for the years 1952 to 1957, both inclusive.

In all other respects the findings and judgment are affirmed.

Costs to appellants.

McQUADE, C. J. and McFADDEN, TAYLOR and SMITH, JJ., concur.