498 P.2d 1306

John D. LOUGHREY and Joanne M. Loughrey, husband and wife, Plaintiffs-Respondents,

v.

Emma WEITZEL, Defendant-Appellant.

No. 10997.

Supreme Court of Idaho.

July 3, 1972.

**834**

Emma Weitzel, pro se.

John D. Loughrey, and Joanne M. Loughrey, pro se.

McQUADE, Chief Justice.

On February 5, 1970, a complaint was filed in the probate court of Washington County by John D. and Joanne M. Loughrey alleging an oral lease agreement between the Loughreys and their tenant, Emma Weitzel. The oral agreement was made on December 20, 1968, renting the premises at a monthly rate of $45.00 payable in advance the 20th day of each month starting on December 20, 1968. The following October, the rent was to be raised to $55.00 per month.

The complaint alleged that the defendant Emma Weitzel did not pay any rent after August, 1969, even though the plaintiffs made numerous demands. On January 14, 1970, "three days' notice" in writing was given by the landlords to the defendant demanding payment of rent due ($263.85 at that time) or delivery of possession of the premises within three days. The defendant allegedly did not comply with this notice and demand.

The answer of the defendant, Emma Weitzel, who was represented in the probate court by a Western Idaho Legal Aid attorney, admitted the original rental agreement alleged in the complaint, but claimed a subsequent oral modification. The alleged modification was that on or about June 20, 1969, the landlords and defendant agreed that the rental payments would, from then on, be made at the end of the month. The defendant's answer also alleged that she offered payments for each and every month, but the plaintiffs had refused to accept payment after July 20, 1969, except in December of 1969 and February of 1970. The defendant claims this acceptance constituted a waiver by the landlords of all other amounts claimed due. The defendant's final defense was that of a breach of "implied warranty of habitability and fitness for use intended" allegedly due to the failure of the landlords to make certain "necessary repairs."

The defendant's answer also demanded trial by jury which demand was apparently refused by the probate court since the defendant did not advance or undertake the costs of the jury.[1]

In July, 1970, the case was tried before the probate court with both sides being represented by counsel. On August 11, 1970, the probate court entered judgment ordering the property restored to the plaintiffs or that the defendant pay plaintiffs the sum of $428.19 (the amount of rent at the time calculated to be due), within five days, and awarded costs to plaintiffs.[2]

---

1. *See:* I.R.C.P. 38(b) (1).

2. No findings of fact or conclusions of law accompany this order and judgment

During September 4 and 5, 1970, the defendant was moved from the landlords' premises.

Mrs. Weitzel then demanded that her attorney from Western Idaho Legal Aid appeal the decision of the probate court to the district court. From the record it is not clear what the response of Legal Aid was to this "demand." The defendant, from this point on, represented herself on the appeal and even personally posted bond in the amount of $115. The appeal to the district court was for a trial *de novo*.

The district court set the case for trial to a jury on March 22, 1971. The plaintiffs, who were still represented by counsel at this time, moved to dismiss the appeal on the grounds that the defendant failed to file an undertaking for perfection of appeal pursuant to I.C. § 17–105 within the thirty day time requirement. This motion was filed and a notice of this motion sent to the defendant stating the motion would be heard on March 19, 1971. She apparently did not receive this notice and the hearing was continued until the same day set for the trial, March 22, 1971.

On March 22, 1971, a stipulation was entered into between the attorney for plaintiffs and defendant. Pursuant to the stipulation the appeal was dismissed in consideration of the landlords' giving defendant a satisfaction for the judgment of money damages. In further consideration the plaintiffs paid the defendant $100. The stipulation was signed by both parties and filed with the district court on the same day.

The court minutes revealed that prior to trial on March 22, 1971, the parties entered into an agreement in chambers with the judge, the attorney for plaintiffs and the defendant being present. The court then stated the agreement, and the parties went into the courtroom at which time the jury was advised of the settlement. That same day an order of dismissal was filed.

The next day Mrs. Weitzel wrote a letter to the district judge claiming she was "duped" by the proceedings in chambers and into signing the stipulation. She stated that as a result of the stipulation she had lost a $32,795 action against plaintiffs. In effect, what she was seeking was to set aside the stipulation.

After not hearing from the district court for almost a month, the defendant again wrote the court complaining about the handling of her case. This time the court did respond, informing her that if she had any legal points to argue, she would do so in open court. The judge advised her to appear and make a motion for a hearing on her contentions. Mrs. Weitzel responded with another letter requesting appointment of counsel (as she claimed she was indigent) to aid her in seeking relief from the stipulation. This request was denied. The district judge considered the motion as one seeking to reopen the case. However, Mrs. Weitzel's letters seemed to indicate that she was seeking more specifically, to have the stipulation set aside. The trial judge denied the "motion."

Mrs. Weitzel appealed to this Court from the order and judgment of the district court dismissing the appeal from the probate court to the district court pursuant to the stipulation. She is also appealing from the denial of her motion to set aside the stipulation and reopen the case.

This action was commenced by the landlords pursuant to the authority of I.C. § 6–303:

> "*Unlawful detainer defined.*—A tenant of real property, for a term less than life, is guilty of an unlawful detainer:
>
> \* \* \* \* \* \*
>
> "2. Where he continues in possession \* \* \* after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring

in the record; however, material that could be construed as findings of fact is contained later in the transcript as

part of the "docket of the probate court."

its payment, stating the amount which is due, or possession of the property, shall have been served upon him * * *."

In such an action the sole question involved is the right of possession, and no other issues may be interjected.[3] The probate court's judgment, *supra,* was rendered only on the merits of the case before it. The district court has appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court.[4] Nor can this Court hear, for the first time, issues never presented to the probate court.[5] Therefore, all the new and unrelated claims the defendant sought to raise in the district court and on the appeal to this Court are not issues in the present case. If any such extraneous claims exist, a new and separate action must be brought in a court of proper jurisdiction by the defendant. The denial by the district court of her motion to set aside the stipulation and reopen the case was a matter within the sound judicial discretion

of that court.[6] The district court did not abuse that discretion in this case.

The defendant sought a trial by jury under I.R.C.P. 38(b) (1) by making a motion for jury trial without fees accompanied by a supporting affidavit setting forth her indigency as grounds. But the probate judge set the case for trial to the court without a jury.

Appellant had the right to a jury trial in the district court. The court and jury were prepared to try the case *de novo.* If a district court jury trial had been utilized the appellant could not now complain of the probate court's failure to provide a jury trial.[7] Therefore, any failure to obtain a jury in the probate court is not now reversible error on appeal to this Court from the district court trial *de novo.*

Judgment affirmed. Costs to respondents.

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.

3. Richardson v. King, 51 Idaho 762, 766, 10 P.2d 323 (1932).

4. Estate of McVay (on rehearing), 14 Idaho 56, 69, 93 P. 28 (1907).

5. In re Lincoln's Estate, 79 Idaho 131, 137, 312 P.2d 113 (1957); *see also:* I.C. § 13–219. "What may be reviewed on appeal."

6. Call v. Marler, 89 Idaho 120, 127, 403 P.2d 588 (1965).

7. *See generally,* 47 Am.Jur.2d § 56, p. 676 (1969): "It is a general rule with respect to civil cases that the right to trial by jury is not impaired where, although no jury is allowed in the court in which the action was originally tried, an appeal lies to a court in which a jury trial may be had, if no unreasonable conditions are imposed."

*See also:* 50 C.J.S. Juries § 132, 861 (1947): "The constitutional right to a trial by jury in civil cases is secured, although such a trial is not authorized in the first instance, provided there is a right of appeal without any unreasonable restrictions to a court in which a jury trial may be had."