REQUESTED BY: Dear Senator Johnson:
You have requested the opinion of this office regarding LB 892 which, as you explained, adjusts appeal procedures for small claims court disputes.
Further, you indicated that said bill was amended to preclude removal of small claims to the regular docket absent a request by the defendant for a jury trial. Specifically, you have posed the following inquiries:
 "1. Do the Constitutions of Nebraska or the United States guarantee trial by jury in state civil cases?
 "2. If such Constitutional guarantees are present, can they be met by permitting a jury trial at the appeal level of a small claims dispute, rather than through the removal process?"
Pursuant to your request, we will hereinafter consider only the above inquiries in the order raised.
The Seventh Amendment to the United States Constitution which preserves the right to jury trial in civil cases at common law where the amount in controversy exceeds $20, by its terms, relates only to trials in the courts of the United States. Edwards v. Elliott, 21 Wall. 532,22 L.Ed. 487 (1874). Nor is the same made applicable to the states through the due process or privilege and immunity clauses of the Fourteenth Amendment. Walker v. Sauvinet, 92 U.S. 90,23 L.Ed. 678 (1876); Melancon v. McKeithen,345 F. Supp. 1025 (E.D.La. 1972), aff'd 409 U.S. 943, 1098,93 S.Ct. 289, 290, 908, 34 L.Ed.2d 214, 679 (1973); Curtis v.Loether, 415 U.S. 189, 192 Fn. 6, 94 S.Ct. 1005, 1007,39 L.Ed.2d 260, 265 (1974); Anno., 18 L.Ed.2d 1388, 1410
(1967). So far as the Seventh Amendment is concerned, the states are left to regulate trials in their own courts in their own way. Walker v. Sauvinet, supra.
Article I, section 6 of the Constitution of the State of Nebraska, provides as follows:
 "The right of trial by jury shall remain inviolate
but the Legislature may authorize trial by a jury of a less number than twelve in courts inferior to the District Court, and may by general law authorize a verdict in civil cases in any court by not less than five-sixths of the jury." (Emphasis added).
The Nebraska Supreme Court has interpreted the above quoted constitutional provision on several occasions.
In Kuhl v. Pierce County, 44 Neb. 584, 590 (1895), the court explained that:
 ". . . Section 6 of the bill of rights provides that the right of trial by jury shall remain inviolate. This is a constitutional guaranty that the right of trial by jury shall remain as it did prior to the adoption of the constitution of 1875. Without going into a history of this provision it is sufficient to say that at the time of the adoption of the present constitution the right of trial by jury was guaranteed by the constitution of the state to its citizens substantially as the right existed at common law. . . . The spirit of the constitution and laws of this state seems to be this, that if an issue of fact arise in an action equitable in its nature such issue of fact is triable to the court; but if the issue of fact arise in a purely legal action then the issue of fact is triable to a jury. . . ."
The court therein held that an action upon a contract for the payment of money is legal in nature, therefore the constitutional right to trial by jury attached. See, In reGuardianship of Warner, 137 Neb. 25, 288 N.W. 39 (1939), wherein, upon applying the same principle, the court held that there was no constitutional right to a jury in proceedings to determine competency, since at common law there was no right of trial by jury in sanity hearings. Seealso, Omaha Fire Insurance Co. v. Thompson, 50 Neb. 580
(1897), wherein the court held that in actions for the recovery of money or of specific real or personal property the constitutional right to trial by jury attached, since said actions were tried before a jury at common law and under ArticleI, section 6 of the Nebraska Constitution the same could not be curtailed.
The interpretation given Article I, section 6 of the Nebraska Constitution by our Supreme Court is consistent with the interpretations given similar constitutional provisions in other jurisdictions. 47 Am.Jur.2d, Jury, § 30, p. 649. Thus, as a general rule, the right to a jury trial in civil actions and proceedings extends only to such actions and proceedings characterized as `at law' rather than `in equity.' 47 Am.Jur.2d, Jury, §§ 29-38, p. 649-657. Whether a particular action is one `at law' or `in equity' for the purpose of determining whether the constitutional guarantee of the right to trial by jury attaches is in some instances unclear. However, actions for monetary damages, such as those within the jurisdiction of the small claims court pursuant to section 24-522, R.S.Supp. 1979, are actions at law, thus subject to the guarantees of Article I, section 6, of the Nebraska Constitution.
Regarding your second inquiry, it is generally held that the constitutional guarantee of a trial by jury in civil cases does not mean that a party is always entitled to a jury trial in the first instance. Said constitutional right is secured if there is a right of appeal, without unreasonable restrictions, to a court in which a jury trial may be held. 50 C.J.S., Juries, § 132, p. 860; 47Am.Jur.2d, Jury, § 56, p. 676.
The leading case setting forth the above stated general rule is Capital Traction Co. v. Hof, 43 L.Ed. 873,19 S.Ct. 580 (1898). Therein the court held that legislation which increased the civil jurisdiction of justices of the peace in the District of Columbia to $300 and allow an appeal to a court of record, in which a trial by jury could be had for the first time, upon payment of security, did not abridge the constitutional right of trial by jury. In so holding, the court reasoned:
 "The Legislature, in distributing the judicial power . . . with a view to prevent unnecessary delay and unreasonable expense, must have a considerable discretion, whenever in its opinion, because of general increase in litigation, or other change of circumstances, the interest and convenience of the public require it, to enlarge within reasonable bounds the pecuniary amounts of the classes of claims entrusted in the first instance to the decision of justices of the peace provided always the right of trial by jury is not taken away in any case in which it is secured by the Constitution.
 "Having regard to the principles and to the precedents applicable to this subject, we should not be warranted in declaring that the act of Congress of 1895 so unreasonably obstructs the right of trial by jury, that it must for this reason be held to be unconstitutional and void." Id. at 46.
See also, Loughrey v. Weitzel, 94 Idaho 833, 498 P.2d 1306,1309 (1972); City of Bellingham v. Hite, 225 P.2d 895
(Wa. 1950); Rice v. Lucas, 560 S.W.2d 850 (Mo. 1978).
In Opinion of the Justices, 113 N.H. 205,304 A.2d 881 (1973), the court held that a jury trial need not be had in the first instance if a right of appeal is allowed, without reasonable restrictions, to a court where the constitutional right to trial by jury could be enjoyed. However, the court further held that requiring the prepayment of security in the amount of $750 to $1,125 to obtain a jury trial on appeal of a case involving $3,000 or less constituted an unreasonable condition, and, therefore the statutory scheme at issue unreasonably infringed upon the constitutional right to a trial by jury.
Our research reveals no case in this jurisdiction wherein our court had the opportunity to consider the specific inquiry you have posed. Therefore, we cannot respond to said inquiry with absolute certainty. However, in our opinion, the reasoning of the above cited cases is persuasive. Based on the great weight of authority, it appears to us that the constitutional guarantee to trial by jury in civil cases is secured upon allowing a jury trial on appeal, so long as the right of appeal is not unreasonably restricted.